**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David B. ECTOR, Defendant–Appellant.**

No. 02–3760.

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

824

Robyn Jones Hahnert, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Richard A. Cline, Mitchell, Allen, Catalano & Boda, Columbus, OH, for Defendant–Appellant.

Before BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

ORDER

David B. Ector appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ector pleaded guilty pursuant to a negotiated plea agreement to conspiring to distribute and possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. The district court sentenced Ector to 120 months of imprisonment and five years of supervised release. The district court also imposed a $2,000.00 fine. Ector appeals.

On appeal, Ector's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ector has responded to his counsel's motion to withdraw by filing a letter in which he complains that the lawyer failed to address issues that he had been directed to address, including the withholding of exculpatory information at sentencing and the use of excessive criminal history points. Ector requests that counsel be appointed to represent him with respect to these matters and an ineffective assistance of counsel claim.

Believing the appeal to be without merit, counsel submits the following issues for review: 1) whether the district court erred in accepting Ector's guilty plea; and 2) whether the government breached its plea agreement with Ector.

The record clearly reveals that Ector entered into a valid plea agreement and that the plea itself was valid. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina*

v. *Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Complying with the requirements of Fed.R.Crim.P. 11, the district court determined that Ector entered his guilty plea knowingly and voluntarily. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary and made with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for concluding that the defendant committed the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

■ At the plea hearing, the district court very carefully reviewed with Ector the provisions of the plea agreement and the rights he was waiving. The district court read the charges in the indictment and explained the consequences of Ector's plea in terms of the possible length of sentence. Ector told the district court that he understood the charges and the consequences of his plea. The district court specifically addressed Ector's right to a speedy trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Ector stated that he understood the rights he was waiving and acknowledged his guilt after hearing a long recitation of the pertinent facts. Thus, the court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Ector knowingly, intelligently, and voluntarily pleaded guilty. Thus, the district court did not err in accepting Ector's guilty plea.

■ The government did not breach its plea agreement with Ector, and the district court properly sentenced Ector in accordance with the parties' plea agreement. In that agreement, the government agreed to recommend a sentence at the low-end of the applicable guideline range, agreed to stipulate that the relevant conduct attributable to Ector was between 50 and 150 kilograms of cocaine, and agreed to move to dismiss two other counts contained in the indictment. At sentencing, the government recommended a sentence at the low-end of the applicable guideline range. The government also stipulated to the relevant conduct level contemplated by the plea agreement. Moreover, the government conditionally promised to move the court for a downward departure pursuant to USSG § 5K1.1 and fulfilled that conditional promise. While the district court ultimately chose a sentence at the middle of the guideline range, rather than at the low-end as recommend by the government, the court nevertheless properly sentenced Ector in accordance with the parties' plea agreement.

■ The district court's decision declining to grant Ector a further downward departure is not cognizable on appeal. At sentencing, Ector argued that he should be granted a downward departure from criminal history category III to a criminal history category I because: 1) his criminal history category overstated the actual severity of his criminal record; and 2) his difficult family background called for a downward departure. The district court denied Ector a downward departure based on Ector's family background, but agreed that Ector's criminal history category III overstated the actual severity of his criminal record. Accordingly, the district court departed one level to a criminal history category II. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the guidelines or federal law. *United States v. Moore,* 225 F.3d

637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart, exercised that power by departing downward one level, and denied the motion to depart further based on the facts and not on the ground that it lacked authority to depart. Accordingly, we lack jurisdiction to review this issue. *See Moore*, 225 F.3d at 643.

■ Turning to the claims raised in Ector's letter to the court, we find no reversible error apparent from the record. Although Ector moved for a sentencing departure on the ground that his criminal history score overstated the seriousness of his criminal record, he did not object to the calculations by which his score was determined. His claim that he was given excessive criminal history points is therefore reviewed for plain error. The record reflects that Ector received points for two misdemeanors of a type that should be counted, according to the sentencing guidelines, only if the result is "a term of probation of a least one year or a term of imprisonment of at least thirty days." USSG § 4A1.2(c)(1). Ector's misdemeanors resulted in "PNC"—"provided no convictions"—sentences of a least one year. Because a PNC sentence is the functional equivalent of unsupervised probation, these sentences were properly counted in determining Ector's criminal history score. *See Harris v. United States*, 204 F.3d 681, 682–83 (6th Cir.2000).

Ector's claim that exculpatory information was withheld from the district court at sentencing necessarily rests on facts that are not in the record. Accordingly, this claim would more appropriately be raised in a proceeding under 28 U.S.C. § 2255. The same is true of Ector's claim of ineffective assistance of counsel. *See United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence may be permitted. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. Ector's motion for the appointment of counsel is hereby denied; he may, of course, seek appointment of counsel in any action he might file under § 2255.