**UNITED STATES of America,
Plaintiff–Appellee,
v.
Dennis McCRUDDEN,
Defendant–Appellant.**

No. 89–50246.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 1990 *.

Decided Jan. 23, 1990.

Certiorari Denied March 26, 1990.
See 110 S.Ct. 1534.

H. Dean Steward, Federal Public Defender, Santa Ana, Cal., for defendant-appellant.

Edward R. McGah, Jr., Asst. U.S. Atty., Santa Ana, Cal., for plaintiff-appellee.

Before CHAMBERS, FARRIS and NOONAN, Circuit Judges.

PER CURIAM:

Dennis McCrudden appeals the district court's calculation of his prison sentence under the Federal Sentencing Guidelines. We review the applicability of the Sentencing Guidelines under a *de novo* standard of review. *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989). We affirm.

## FACTS

McCrudden entered a guilty plea to three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to a 63 month prison term pursuant to the sentencing guidelines. The district court determined that McCrudden's criminal history fell within category IV. The presentence report revealed that McCrudden had committed the bank robbery while under an unsupervised two-year probation that resulted from a conviction for driving on a suspended license. The district court, pursuant to § 4A1.1(c), added one criminal history point for a prior offense, and two points pursuant to § 4A1.1(d), for commission of the crime while on probation. Four additional points were counted for unrelated prior offenses. McCrudden appeals only the district court's use of his probation status in calculating his criminal history category.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## DISCUSSION

Section 4A1.1(d) of the sentencing guidelines provides for the addition of two points to the criminal history score if:

[t]he defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

McCrudden argues that summary probation for a "traffic offense" is "too insignificant to be counted as being under 'criminal justice control.'" We understand but reject the argument.

The commentary to section 4A1.1(d) indicates that a "'criminal justice sentence' means a sentence countable under § 4A1.2." Section 4A1.2(c)(1) expressly includes a sentence of "probation of at least one year" and sentences such as "driving ... with a revoked or suspended license." McCrudden's probation was effective for two years and was imposed for an offense identified by the guidelines.

The guidelines make no provision for treating "unsupervised" probation as less than probation. Even if unsupervised, probation can be revoked and replaced by a sentence of greater punishment if further offenses are committed during the probationary period. The non-supervisory status of a sentence of probation does not exempt it from section 4A1.1(d). *See* United States Sentencing Commission Technical Assistance Service, *Questions Most Frequently Asked About the Sentencing Guidelines*, Question No. 34 (Nov. 23, 1988).

We also reject McCrudden's contention that the severity of the underlying offense is a factor in determining the applicability of section 4A1.1(d). The criminal history factors were adopted to address the concerns of just punishment and deterrence. United States Sentencing Commission, *Supplementary Report on the Initial Sentencing Guidelines and Policy Statements*, at 41 (June 18, 1987). These factors reflect the frequency, seriousness and recency of the prior criminal history, and were selected because of their empirical relationship to the likelihood of future criminal behavior. *Id.* Sections 4A1.1(a)–(c) correlate to the seriousness of a prior offense, while section 4A1.1(d) addresses, in part, the recency of the crime. It is not unreasonable to enhance the punishment of an offender who again violates the law before fully serving his prior punishment. The inclusion of McCrudden's probationary status in his criminal history score fits squarely within the language and purposes of Section 4A1.1(d).

McCrudden argues that it is unfair to add the same number of points for a probation sentence on a minor offense as is added to a probation sentence on a serious offense. Yet, this result was unambigously intended by the guidelines. They resolve this potential inequity by permitting departures from the prescribed sentence if a resulting history score "significantly over-represents" the seriousness of a defendant's criminal history. *See* U.S.S.G. § 4A1.3. The district court could properly conclude that departure is not warranted in this case. The misdemeanor conviction occurred less than two years prior to the instant offense, and there is no dispute that the probation was of the sort that could have been revoked and replaced with more serious criminal penalties.

AFFIRMED.