26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Cedric RENFROE, Defendant-Appellant.
 No. 91-50873.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-Appellant, Bernard Cedric Renfroe, was convicted of distributing 72 grams of cocaine base and of possessing with intent to distribute 102 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). Although Renfroe initially was sentenced to 188 months in prison, the district judge granted him a two-point downward departure for acceptance of responsibility and his sentence was reduced to 151 months in prison and five years of supervised release. We have jurisdiction over Renfroe's appeal under 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 DISCUSSION
 I. Admission of the Transcripts
 
 3
 Renfroe claims that he was materially prejudiced when the prosecutor's transcripts of the audio tapes introduced as evidence during trial "found their way" into the deliberation room. Although the district court ruled that the transcripts were not extrinsic evidence within the meaning of United States v. Vasquez, 597 F.2d 192 (9th Cir.1979), the court also ruled that the jury was to have no access to the transcripts during deliberations and, thus, we must determine whether the error was prejudicial. United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982) (holding that although the "trial judge is uniquely qualified to appraise the probable effect of [extraneous] information on the jury," the appellate court should review the issue de novo ).
 
 
 4
 The parties appear to agree that the difference between the prosecutor's transcripts and the defendant's transcripts is that the former begin with the conversation between the defendant and the informant, whereas the latter include the comments of the "unidentified surveillance team" in the parking lot.[1] Renfroe argues that because the surveillance communications contradicted Detective Bristol Jackson's version of the events, and because his defense was based on the claim that Detective Jackson was not a credible witness, he was materially prejudiced when the government's transcripts were erroneously admitted into the deliberation room. In rejecting Renfroe's argument, the district court found that the differences between the two versions were not significant and that, in light of all the evidence against Renfroe, any error was harmless beyond a reasonable doubt.
 
 
 5
 The record shows that throughout the trial the district court told the jury that the original audio tapes constituted the evidence and explained that the transcripts were presented only to aid the jury. Although the jury foreperson stated that the government's transcripts were treated as the "official" ones, he also noted that the jury used the transcripts only as secondary sources to help decipher the tapes. Moreover, the jury foreperson testified that the tapes were "totally understandable" in all important areas.
 
 
 6
 We agree with the district court that, on these facts, Renfroe was not prejudiced by the erroneous admission of the transcripts into the deliberation room. See Bagnariol, 665 F.2d at 887.
 
 II. Readback Request
 
 7
 Renfroe further maintains that the district court committed reversible error when it denied the jury's "readback" request. Judge Real, standing in for Judge Takasugi, denied the jury's request to hear Jackson's testimony again to aid its deliberations. After reviewing the denial of the jury's request, Judge Takasugi found that Judge Real had not abused his discretion and that even if the denial was improper, in view of the overwhelming evidence of defendant's guilt, the error was harmless. We agree with both conclusions. See United States v. Portac, Inc., 869 F.2d 1288, 1295 (9th Cir.1989), cert. denied, 498 U.S. 845 (1990) (holding that the district court enjoys great latitude in deciding whether to grant the jury's readback request).
 
 III. Renfroe's Criminal History
 
 8
 Renfroe next contends that the district court miscalculated his criminal history by erroneously including his misdemeanor traffic violations for which Renfroe allegedly had received only unsupervised probationary terms. Renfroe's position has been rejected by our Circuit. See, e.g., United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.), cert. denied, 494 U.S. 1060 (1990) (holding that under the Guidelines, unsupervised probation is treated the same as supervised probation and that traffic violations should be counted in computing a defendant's criminal history).
 
 IV. Equal Protection
 
 9
 Finally, under Ninth Circuit law, we are compelled to reject Renfroe's last contention that under the Due Process Clause and the Equal Protection Clause a defendant convicted of a cocaine base offense cannot be sentenced more severely than a defendant convicted of a comparable cocaine powder offense. See United States v. Harding, 971 F.2d 410, 414 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993).
 
 CONCLUSION
 
 10
 For the reasons stated above, we AFFIRM Renfroe's conviction and his sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to the government's position on appeal, the prosecutor contended during the evidentiary hearing that, although the two transcripts contained conflicting evidence, the discrepancies were not significant. GER: 329-335. We need not decide which version of the facts is accurate because in his reply brief, Renfroe concedes that the prosecutor's transcript did not cover the part of the tape in question