*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0071P (6th Cir.)
File Name: 00a0071p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

TYRONE K. HARRIS,
  *Petitioner-Appellant,*

    *v.*      No. 97-4309

UNITED STATES OF AMERICA,
  *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 96-01235—James L. Graham, District Judge.

Argued: February 4, 2000

Decided and Filed: February 25, 2000

Before: NELSON, COLE, and CLAY, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Melynda W. Cook, SCHAD, BUDA & COOK, Cincinnati, Ohio, for Appellant. Gary L. Spartis, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** Melynda W. Cook, SCHAD, BUDA & COOK, Cincinnati, Ohio, for Appellant. Gary L. Spartis, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

1

———————————

**OPINION**

———————————

DAVID A. NELSON, Circuit Judge.  Tyrone Harris was sentenced to imprisonment for 87 months after he pleaded guilty to a charge of possessing more than 500 grams of cocaine with intent to distribute it, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  On the advice of counsel, Mr. Harris voluntarily dismissed an appeal of his sentence. He later had a change of heart (and a change of lawyers), which led to the filing of a motion to vacate the sentence pursuant to 28 U.S.C. § 2255.

The § 2255 motion  rested on the proposition that Mr. Harris was denied effective assistance of counsel as a result of his first lawyer's failure to object to the manner in which a presentence investigation report calculated Harris' criminal history score and his base offense level under the United States Sentencing Guidelines.  (The key issue is whether Ohio misdemeanor convictions should be assigned criminal history points where the convictions resulted in "PNC" sentences of one year or more.)  The district court denied the motion, and Mr. Harris appeals.  We see no merit in the objections Harris says his lawyer ought to have raised, and we shall affirm the district court's order.

I

With a co-defendant, James Bridges, Mr. Harris made repeated sales of cocaine powder and cocaine base to a government informant during the summer and fall of 1995. Harris was arrested in October of that year.  A search of his house at the time of the arrest disclosed substantial quantities of cocaine powder, cocaine base and marijuana, as well as several firearms.

A federal indictment handed up against Harris and Bridges in December of 1995 contained 12 counts naming Harris. Pursuant to a plea agreement, Harris pleaded guilty to a single

count of possessing cocaine with intent to distribute it; the remaining charges against him were dropped.

A probation officer prepared a presentence report calculating Mr. Harris' sentence range – a function of his offense level and his criminal history score – under the sentencing guidelines. Mr. Harris did not press an objection to the calculations, although he was given ample opportunity to do so.

In recognition of substantial assistance provided by Mr. Harris to the government in other proceedings, the United States moved for a six-level downward departure in Harris' base offense level. The district court granted the motion, thereby reducing the guideline sentence range to imprisonment for 87-108 months. (Without the departure, the range would have been 168-210 months.) The court imposed a sentence at the bottom of the revised range.

Despite his receipt of a relatively favorable sentence, and after he had voluntarily dismissed a direct appeal to this court, Mr. Harris moved for relief under 28 U.S.C. § 2255. The district court denied the motion, granted a certificate of appealability as to Harris' claim of ineffective assistance, and denied a certificate of appealability as to two additional claims. Harris filed a notice of appeal addressing the latter denial only, but this court found the notice effective to confer appellate jurisdiction over the denial of the § 2255 motion itself. See *Harris v. United States*, 170 F.3d 607, 608 (6th Cir. 1999). We later declined to issue an expanded certificate of appealability, so the ineffective assistance claim is the only one now before us.

II

Mr. Harris argues that he was denied effective assistance of counsel insofar as his lawyer failed to object to the inclusion of two Ohio misdemeanor convictions in the calculation of the criminal history score. One of the convictions was for driving with a suspended license and the other was for disorderly conduct. Under U.S.S.G. § 4A1.2(c)(1), a

conviction for either of those particular offenses should not be counted in calculating a criminal history score for a drug offender unless the conviction resulted in a sentence of probation for at least one year or imprisonment for at least 30 days. Mr. Harris contends that neither of his convictions resulted in such a sentence.

The contention is wrong. Although Mr. Harris was not sentenced to supervised probation, he was sentenced to "2 years PNC" on one conviction and "1 year PNC" on the other. Ohio courts use "PNC" as shorthand for "provided no convictions" – a condition on which a sentence of imprisonment is suspended. See *City of Columbus v. Davis*, No. 93APC08-1170, 1993 WL 531290, at *1 (Ohio App. Dec. 23, 1993). As a form of conditional discharge, a PNC sentence is the "functional equivalent of unsupervised probation." *United States v. Gay*, Nos. 98-4178, 98-4179, 1999 WL 1111517, at **6-7 (6th Cir. Nov. 24, 1999); *cf. United States v. Miller*, 56 F.3d 719, 721-22 (6th Cir. 1995). A sentence of one or more years "PNC" thus qualifies under § 4A1.1(c) as a term of probation of at least one year. See *Gay*, 1999 WL 1111517, at **7.

Because an objection to inclusion of Mr. Harris' misdemeanor convictions in the calculation of his criminal history score would have been futile, Harris cannot show that his attorney was constitutionally "ineffective" in failing to make such an objection. See *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).

### III

Mr. Harris also argues that his attorney should have objected to the drug quantities used in establishing his base offense level under the guidelines. Harris suggests that the probation officer who prepared the presentence report improperly included drug quantities that were based on immunized statements Harris gave pursuant to his plea agreement and on statements of a co-conspirator and a confidential informant. It is plain on the face of the presentence report, however, that the only drugs used in

calculating Harris' base offense level were those found in the search of his house and those sold to the confidential informant in corroborated transactions. The report is substantively correct, if syntactically inelegant, when it states that "[t]he defendant is not being attributed with any amounts that were referred to by the co-defendant, informant, or defendant himself." We have done the arithmetic, and it checks out.

Mr. Harris further suggests that the calculation should have excluded drugs associated with charges other than the single count on which he was convicted. The governing principle, however, is that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, comment. (backg'd); see also *United States v. Partington*, 21 F.3d 714, 717 (6th Cir. 1994), and *United States v. Miller*, 910 F.2d 1321, 1327 (6th Cir. 1990), *cert. denied*, 498 U.S. 1094 (1991). It is clear to us that all of the drugs attributed to Mr. Harris for sentencing purposes were involved in the same relevant course of conduct – and Harris has not argued to the contrary.

**AFFIRMED.**