RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0253P (6th Cir.)
File Name: 04a0253p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 03-5006

GARY BURGESS ROLLINS,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 02-00089—Danny C. Reeves, District Judge.

Submitted: March 11, 2004

Decided and Filed: May 3, 2004[*]

Before: MOORE, SUTTON, and FRIEDMAN, Circuit
Judges.[**]

---

[*] This decision was originally issued as an "unpublished decision" filed on May 3, 2004. On June 8, 2004, the court designated the opinion as one recommended for full-text publication.

[**] Daniel M. Friedman, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

---

## COUNSEL

**ON BRIEF:** James E. Hibbard, London, Kentucky, for Appellant. Charles P. Wisdom, Jr., John Patrick Grant, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

SUTTON, J., delivered the opinion of the court, in which FRIEDMAN, J., joined. MOORE, J. (pp. 10-12), delivered a separate dissenting opinion.

## OPINION

SUTTON, Circuit Judge. Gary Burgess Rollins pleaded guilty to possession of less than 50 kilograms of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). At sentencing, this violation translated into a base offense level of twelve, which the district court reduced to ten in view of Rollins' acceptance of responsibility. The district court next attributed to Rollins a criminal history category of II based on his previous state-court convictions for (1) possession of marijuana and (2) driving without insurance. After combining the vertical requirements of Rollins' base offense level with the horizontal requirements of his criminal history category, the district court determined that he faced a sentencing range of eight to fourteen months, then sentenced him to an eight-month prison term.

On appeal, Rollins challenges the district court's inclusion of his conviction for driving without insurance—a misdemeanor under Kentucky law—in its calculation of his criminal history. His argument is unavailing.

Under the Sentencing Guidelines, a defendant's criminal history category includes all prior misdemeanors, unless they

are specifically excluded in one of two subsections. U.S.S.G. § 4A1.2(c) (2002). First, misdemeanors listed in § 4A1.2(c)(1) or "offenses similar to" those listed are excluded from the criminal history calculation unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." Misdemeanors on this list include, among other offenses, careless or reckless driving, driving without a license or with a revoked or suspended license and leaving the scene of an accident. Second, § 4A1.2(c)(2) separately excludes other prior misdemeanors—including juvenile status offenses, loitering and "[m]inor traffic infractions (*e.g.*, speeding)"—and "offenses similar to them" from a defendant's relevant criminal history.

Rollins initially argues that his Kentucky-law "no insurance" conviction constitutes a "minor traffic infraction" under § 4A1.2(c)(2), making it non-countable in his criminal history assignment. Although this Circuit has yet to determine whether driving without insurance is a "minor traffic infraction" within the meaning of § 4A1.2(c)(2), our decision in *United States v. Kingston*, 922 F.2d 1234 (6th Cir. 1990), takes us a good way toward the conclusion that it is not. *Kingston* holds that "infraction" in the phrase "minor traffic infractions" of § 4A1.2(c)(2) represents a "term of art" derived from U.S.S.G. § 1B1.9 and 18 U.S.C. § 3559. 922 F.2d at 1239; *see also United States v. Aichele*, 912 F.2d 1170, 1171 (9th Cir. 1990). These provisions in turn each define an "infraction" as "any offense for which the maximum authorized term of imprisonment is not more than five days." U.S.S.G. § 1B1.9 cmt. n.1; *see* 18 U.S.C. § 3559(a) ("An offense . . . is classified [as an infraction] if the maximum term of imprisonment authorized is . . . five days or less, or if no imprisonment is authorized.").

On the basis of this language, *Kingston* concluded that misdemeanor offenses with an authorized prison term of "not more than five days" are "minor traffic infractions" while

offenses with an authorized term of more than five days are not "minor traffic infractions." 922 F.2d at 1239. Because in *Kingston* Tennessee law authorized a 90-day prison term for reckless driving, the court determined that reckless driving was not a "minor traffic infraction." *Id*. And in view of the established meaning of "infraction," the court concluded that the authorization of a 90-day prison term under Tennessee law ended the inquiry—as the Guidelines do "not intend courts to weigh the relative seriousness of traffic offenses when deciding which convictions to exclude from criminal history calculations." *Id*.

These conclusions in *Kingston* more than suffice to respond to Rollins' first objection to his sentence. Because Kentucky law authorizes up to a 90-day prison term for violation of the State's car insurance requirements, *see* Ky. Rev. Stat. § 304.99-060, not unlike the Tennessee law in *Kingston*, a conviction for "no insurance" in Kentucky does not constitute a "minor traffic infraction" under § 4A1.2(c)(2). *Accord United States v. Perez de Dios*, 237 F.3d 1192, 1199 (10th Cir. 2001) (determining that driving without proof of insurance is not a minor traffic infraction under § 4A1.2(c)(2)). Given this unchallenged aspect of Kentucky law and given our decision in *Kingston*, we reject Rollins' invitation to "to weigh the relative seriousness" of this traffic offense in "deciding which convictions to exclude from criminal history calculations." *Kingston,* 922 F.2d at 1239.

Nor may this offense be excluded under the other provision that lists non-countable misdemeanor offenses—§ 4A1.2(c)(1). In accordance with that provision, recall, "driving without a license or with a revoked or suspended license" (or a "similar" offense) may be excluded if "the sentence was a term of probation" of less than a year. In this case, however, the state court imposed a *two-year* conditional discharge for his insurance violation—a sentence that this Court has previously determined to be the "functional equivalent of 'unsupervised probation.'" *See United States v. Miller*, 56 F.3d 719, 722 (6th Cir. 1995)

("We thus hold that conditional discharge [under Kentucky law] is the 'functional equivalent' of an unsupervised probation under U.S.S.G. § 4A1.1(d)."); *Harris v. United States*, 204 F.3d 681, 682–83 (6th Cir. 2000) (determining that Ohio's equivalent of a "conditional discharge" sentence qualifies as a term of probation of at least one one year under § 4A1.2(c)(1)); *see also Pedigo v. Commonwealth*, 644 S.W.2d 355, 358 (Ky. Ct. App. 1982) (noting that aside from supervision, "there is no difference between conditional discharge and probation").

Rollins has offered no explanation why a term of "unsupervised probation" should not be treated as a term of "probation" under the provision. Nor can we think of one. Other courts, it bears adding, have reached the same conclusion, holding that "conditional discharge" and "unsupervised probation" alike constitute "probation" for purposes of § 4A1.2(c)(1). *See United States v. Lloyd*, 43 F.3d 1183, 1188 (8th Cir. 1994); *United States v. Caputo*, 978 F.2d 972, 977 (7th Cir. 1992); *United States v. McCrudden*, 894 F.2d 338, 339 (9th Cir. 1990) ("The guidelines make no provision for treating 'unsupervised' probation as less than probation.").

Lastly, this Guideline provision cannot be construed to apply only to probation sentences given in connection with a suspended jail sentence, as opposed to probation sentences given in connection with a fine. By its terms, the provision prohibits excluding a sentence if "the sentence was a term of probation" of a year or more. U.S.S.G. § 4A1.2(c)(1). Neither the provision nor the commentary draws any distinction between probation involving a suspended jail sentence on the one hand and probation involving a fine, community service or indeed probation alone on the other. The very next clause of the provision, moreover, plainly covers fines, as it indicates that a misdemeanor offense is not excludable if it is "similar to an instant offense," § 4A1.2(c)(1)(B), a rule that necessarily includes misdemeanors that resulted in a fine alone.

While it is true that probation frequently will occur in the context of the suspension of a jail sentence, the function of probation (and of conditional discharge under Kentucky law) is by no means restricted to that setting. The overriding objective of probation is to place court-imposed conditions on the defendant. *See, e.g.,* Ky. Rev. Stat. § 533.020(1) ("Conditions of probation shall be imposed."); *id.* § 533.020(3) ("Conditions of conditional discharge shall be imposed."); *see generally* 5 Wayne R. LaFave et al., *Criminal Procedure* § 26.1(d) (2004) ("[T]he traditional definition of probation . . . assumes release pursuant to one or more conditions and some degree of supervision to ensure adherence to those conditions."). It is these court-imposed restrictions on the defendant's behavior that distinguish sentences of probation or conditional discharge from mere fines. *See* U.S.S.G. § 4A1.1 cmt. n.4 ("[A] term of unsupervised probation would be included [as a criminal justice sentence under § 4A1.1(d)]; but a sentence to pay a fine, by itself, would not be included."). And it is these restrictions that render the sentences serious, *see* 9 Leslie W. Abramson, *Kentucky Practice Series: Criminal Practice & Procedure* § 31:131 (2004), and presumably what makes them countable under this Guideline. Whether the conditions imposed on Rollins in this instance (which the record does not describe) were minimal—*e.g.*, that he merely avoid further offenses during his conditional discharge—or quite onerous, the fact that his sentence entailed court-mandated restrictions on his behavior is enough to draw it within the meaning of "probation" in the Sentencing Guidelines. *See, e.g., United States v. Gorman*, 312 F.3d 1159, 1164–67 (10th Cir. 2002) (determining that requirements of maintaining good behavior, refraining from violating the law, and paying a $300 fee, constituted "probation" under U.S.S.G. § 4A1.1(d)).

That Rollins' conditional discharge involved the partial discharge of a modest fine ($500) in exchange for two years of court-imposed restrictions, moreover, does not warrant differential treatment from other sentences of conditional discharge or probation. Although Kentucky law requires that

a sentence of a prison term or a fine (or both) be imposed before a conditional discharge is given, *Commonwealth v. Tiryung*, 709 S.W.2d 454, 456 (Ky. 1986), other States allow for sentences of probation (or their equivalent) independent of any other sentence, *see, e.g.*, 730 Ill. Comp. Stat. 5/5-5-3(b); N.Y. Penal Law § 60.01; *see generally* Daniel E. Feld, Annotation, *State Court's Power to Place Defendant on Probation Without Imposition of Sentence*, 56 A.L.R.3d 932 (1974). Consistent with the language of the relevant provisions, the federal courts (to our knowledge) have never considered a stand-alone sentence of probation or conditional discharge, or a sentence of probation or conditional discharge coupled with a fine, to be anything other than a term of "probation" under § 4A1.2(c) and § 4A1.1(d), even though the defendant does not face the threat of a suspended jail sentence. *See, e.g., Gorman*, 312 F.3d at 1166–67 (sentence of unsupervised probation plus a fine is a criminal justice sentence under § 4A1.1(d)); *United States v. Castro*, 279 F.3d 30, 35 (1st Cir. 2002) (one-year sentence of probation counts under § 4A1.2(c)); *United States v. Boyd*, 146 F.3d 499, 502 (7th Cir. 1998) (one year of court supervision and a fine—where the supervision was vacated and the full fine imposed—is "probation" under § 4A1.2(c)); *United States v. Baker*, 116 F.3d 870, 873–74 (11th Cir. 1997) (term of probation for one year or *until the fine is paid in full* counts under § 4A1.2(c)); *United States v. Labella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996) (one-year conditional discharge sentence, as unsupervised probation, qualifies as a criminal justice sentence).

Application Note 4 of § 4A1.2 does not undermine this conclusion or the above court decisions. *See* U.S.S.G. § 4A1.2 cmt. n.4. ("A sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment . . . is treated as a non-imprisonment sentence."). That a defendant's choice between a "fine or other non-incarcerative disposition" and a term of imprisonment is a "non-imprisonment sentence" does not say anything about whether a sentence constitutes "probation."

It is true, as Judge Moore points out, that this interpretation has one seemingly odd consequence. Had Rollins paid the fine, his sentence would not have been countable. But when most of the fine was suspended and he received a two-year conditional discharge, the sentence became countable. It is not clear whether the Sentencing Commission anticipated this specific development when it imposed this bright-line rule about sentences of probation of a year or more. It is clear, however, that the Commission realized that the criminal-history rules in this section could lead to criminal-history outcomes that fail to square with the realities of an individual's criminal record. Section 4A1.3 addresses that problem, however, by allowing district court judges to grant downward and upward departures when an application of the Guidelines generates an inequitable result, and it makes more sense in our view to rely on that safety-valve provision than to disregard the unyielding terms of § 4A1.2(c)(1). *See McCrudden*, 894 F.2d at 339 (The Guidelines "resolve this potential inequity by permitting departures from the prescribed sentence if a resulting history score 'significantly over-represents' the seriousness of a defendant's criminal history."). In this instance, Rollins did not invoke this safety-valve provision, which indeed would have been difficult for him to do in view of his other prior criminal conduct.

Rollins lastly argues that the inclusion of a "no insurance" conviction in his sentencing calculations violates the Guidelines' policy of creating "reasonable uniformity in sentencing" by treating violators of similar offenses in a like manner. U.S.S.G. ch. 1, pt. A (policy statement). No such uniformity occurred here, he urges, because the inclusion of this conviction in his criminal history boosted his sentence above the sentences of similar offenders solely because the Kentucky judge who sentenced him for the "no insurance" violation conditionally discharged his fine rather than suspending the fine or requiring him to pay it in full—in contrast to what Rollins' lawyer asserts is common practice by Kentucky judges. But this characterization of the actions of the responsible Kentucky judge has no support in the

record and is incompatible with the provisions of Kentucky law that specifically authorize just such a sentence.

For the foregoing reasons, the district court correctly included Rollins' conviction for driving without insurance in its calculation of his criminal history. We affirm.

—————————

**DISSENT**

—————————

KAREN NELSON MOORE, Circuit Judge, dissenting. While I agree with the majority's conclusion that Rollins's "no insurance" conviction does not qualify as a "minor traffic infraction" under § 4A1.2(c)(2), I disagree strongly with its conclusion that the conditional discharge of a fine is equivalent to a sentence of probation, such that the conviction should count under § 4A1.2(c)(1).

The conditional discharge in this case is *not* "the functional equivalent of 'unsupervised probation.'" *Maj. op.* at 4, quoting *United States v. Miller*, 56 F.3d 719, 722 (6th Cir. 1995). Both cases that the majority cites, *Miller* and *Harris v. United States*, 204 F.3d 681, 682-83 (6th Cir. 2000), dealt with the conditional discharge of a *prison sentence. See Miller*, 56 F.3d at 721 ("whereby he was given a sentence of thirty days imprisonment conditionally discharged for two years"); *Harris*, 204 F.3d at 682 (discharge at issue in case is "a condition on which a sentence of imprisonment is suspended"). Here, the conditional discharge is of a fine, and all that the Kentucky courts would have done had Rollins violated the conditions of the discharge would be to impose punishment of the balance of the fine, plus court costs. The majority responds to this key distinction by arguing that it is the conditional nature of the discharge that is important: any time, then, that a state places conditions on a misdemeanant, the sentence will count, even if the full punishment the state could impose after a violation of those conditions is well below the threshold level otherwise to trigger the provision. The total illogic of this position — that a defendant fined $1,000,000 on the spot receives no criminal history points, but one whose $100 fine is conditionally discharged receives a point, or that a defendant whose fine for a nonsufficient funds check is discharged on the condition that she not shop at a particular mall for a year receives a point — is

acknowledged by the majority, but does not lead it to conclude that perhaps the designers of the Sentencing Guidelines did not anticipate this result. I do not believe that the determinant of "probation" is "conditions" on a defendant, but instead I believe that "probation" is determined from the ultimate punishment that could be visited on the defendant who violates those conditions. Therefore, I would conclude that the nonsensical results that follow from the majority's reading of the provision are ample evidence that that reading is incorrect.

By transforming Rollins's fine into a term of probation, the majority also creates an odd result when contrasted with Application Note 4 to § 4A1.2, which states:

*Sentences Imposed in the Alternative*: A sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment (*e.g.*, $1,000 fine or ninety days' imprisonment) is treated as a non-imprisonment sentence.

Thus, had Rollins been sentenced to payment of his $500 fine or ninety days in prison for his infraction, a possible sentence under the Kentucky statute and surely a more severe sentence than payment of $500, conditionally discharged to $50, his conviction would not count. I believe Rollins's actual sentence for driving without insurance, which could only have resulted in a fine, is not properly counted in his criminal history under § 4A1.2(c)(1).

Finally, the majority alludes to the possibility of downward departure under § 4A1.3 in cases like the one before us. Of course, no downward departure occurred in this case, and Rollins is unable to appeal the district court's failure to make one. By relocating this issue from the definite terms of § 4A1.2(c)(1) to the discretionary "safety valve" of § 4A1.3, the majority insulates the district court's decision from review and further limits the ability of wrongfully sentenced defendants to appeal to this court for legal correction. I think

this is entirely unwarranted, when the proper route is so clear. I respectfully dissent.