

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# USA v. Haggart

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Haggart" (2007). *2007 Decisions.* Paper 1191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3357
_____

UNITED STATES OF AMERICA

v.

JEFFREY HAGGART,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Crim. Action No. 04-cr-00271-10
(Honorable James F. McClure, Jr.)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2007

Before: SCIRICA, *Chief Judge,* FUENTES, and ALARCÓN,[*] *Circuit Judges.*

(Filed: April 27, 2007)

_____

OPINION OF THE COURT

_____

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

ALARCÓN, *Circuit Judge*.

Jeffrey Haggart appeals from the District Court's order sentencing him to serve 120 months of imprisonment, five years of supervised release, and a special assessment of $100. Mr. Haggart contends that the District Court incorrectly assigned him two criminal history points for separate convictions for reckless driving because such convictions resulted only in sentences of unsupervised probation. We will affirm because we conclude that the District Court's sentence was reasonable.

## I
## A

Beginning on January 13, 2003, co-defendant Gregory Jones arranged through co-defendant Shaun Jordan and Mr. Haggart to ship cocaine from Los Angeles to co-defendant William Neidig in Pennsylvania. Mr. Haggart packaged the cocaine in film canisters in Los Angeles and sent them via Federal Express to Mr. Neidig. Mr. Haggart arranged for the shipment of at least five but less than fifteen kilograms of cocaine powder to Mr. Neidig.

## B

On December 6, 2005, Mr. Haggart pled guilty to the charge of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Mr. Haggart's Presentence Report ("PSR") provided that Mr. Haggart had been convicted of reckless driving in Santa Barbara, California in July of 1996 and April of 1997. These convictions resulted in

2

separate imprisonment sentences that were suspended for three years each, during which time he was ordered to serve unsupervised probation. In sentencing Mr. Haggart, the District Court adopted the Sentencing Guidelines's calculation contained in the PSR and determined that based upon a total offense level of 30 and a criminal history category of II, the Sentencing Guidelines imprisonment range was 120 to 135 months.

The District Court rejected Mr. Haggart's claim that his reckless driving convictions should not be considered in computing his criminal history category because he was sentenced to unsupervised probation. In addition, the District Court held that, based on the determined number of criminal history points, Mr. Haggart was not eligible for a sentence below the statutory minimum, pursuant to 18 U.S.C. § 3553(f). The District Court sentenced Mr. Haggart to a sentence of ten years.

Mr. Haggart filed a timely notice of appeal on July 11, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II
### A

Mr. Haggart argues that he should not receive criminal history points for either of his reckless driving convictions because "procedural due process is entirely lacking, and because the sentences bear the characteristics of 'summary' criminal violations." Specifically, he notes that neither conviction involved a formal court appearance, an

arraignment before a judge or magistrate, a preliminary hearing, or a grand jury indictment. In addition, Mr. Haggart raises the fact that the convictions were handled completely by mail.

Mr. Haggart failed to raise his procedural due process argument before the District Court. "This court has consistently held that it will not consider issues that are raised for the first time on appeal." *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994). Accordingly, we decline to consider Mr. Haggart's due process argument.

**B**

Mr. Haggart also contends that the District Court improperly used his prior convictions of reckless driving in computing his criminal history points, pursuant to U.S.S.G. §§ 4A1.1(c), 4A1.2(c)(1), because those prior convictions resulted in sentences of unsupervised probation. "We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

Under U.S.S.G. § 4A1.2(c)(1)(A), reckless driving convictions are counted when determining a defendant's criminal history points if "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days[.]" Mr. Haggart cites no authority that supports his argument that reckless driving convictions resulting in

4

unsupervised probation are not counted towards a defendant's criminal history points. Fed. R. App. P. 28(a)(9)(A). In fact, this argument runs counter to the plain language of the Sentencing Guidelines. *See, e.g.,* U.S.S.G. § 4A1.1(d), Application Note 4 ("'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included . . . ."). Section 4A1.1(d) of the Sentencing Guidelines advises that a court should, "[a]dd 2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Although § 4A1.1(d) presents somewhat different issues from those involved here under § 4A1.2(c)(1), the term "probation" should be given the same meaning under both sections as both relate to § 4A1.2.

Additionally, other United States Circuit Courts of Appeals have concluded that the term "probation" under U.S.S.G. § 4A1.2(c)(1) encompasses unsupervised probation. *See Harris v. United States*, 204 F.3d 681, 682-83 (6th Cir. 2000) (concluding that, in Ohio, a sentence designated as "PNC" is the "functional equivalent of unsupervised probation" and thus qualifies as a countable term of probation under § 4A1.2(c)(1) (internal quotation marks omitted)); *United States v. Scott,* 19 F.3d 1238, 1246 (7th Cir. 1994) (concluding that "a one-year conditional discharge" was a "prior sentence" under §

5

4A1.2(c)(1) because it was a "non-supervisory form of probation"); *United States v. Lloyd*, 43 F.3d 1183, 1187-88 (8th Cir. 1994) (concluding that "conditional discharge" is the functional equivalent of "unsupervised probation," which falls under the definition of "probation" under § 4A1.1(d) and, thus, also under § 4A1.2(c)(1)). Mr. Haggart's probation sentences, regardless of how extensively supervised, exceeded one year and, thus, were properly counted by the District Court in computing his criminal history points under § 4A1.2(c)(1).

## C

Mr. Haggart further maintains that he should have been granted a sentence below the statutory minimum of ten years, pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f). Section 3553(f) authorizes the issuance of a Guidelines sentence without regard to the statutory mandatory minimum provided the sentencing court determines that the defendant meets the following five criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . . and was not engaged in a continuing criminal enterprise . . .; and
> (5) not later than the time of the sentencing hearing, the

> defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]

In light of our conclusion that Mr. Haggart had more than one criminal history point, his request for a sentence below the statutory minimum appears to be foreclosed under the first requirement of 18 U.S.C. § 3553(f).

For the foregoing reasons, we will affirm the judgment of the District Court.