NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0481n.06

No. 20-5623

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 26, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| CORTEZ EVANS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: CLAY, GIBBONS, and BUSH, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Cortez Evans ("Defendant" or "Defendant Evans") pleaded guilty to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced Defendant Evans to 200 months of incarceration and five years of supervised release. Defendant Evans challenges this sentence on appeal. He argues that the sentence is substantively unreasonable considering his objections to the calculation of his criminal history score and the district court's failure to vary downward. We **AFFIRM** for the reasons set forth below.

**BACKGROUND**

An investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") revealed that Defendant Evans and fifteen codefendants conspired to distribute a methamphetamine mixture between January and September of 2018. Over the course of the

conspiracy, Defendants repeatedly exchanged firearms for methamphetamine. Specifically, Defendants transported firearms from various counties in the Eastern District of Kentucky to Louisville, Kentucky, where the firearms were more valuable. In Louisville, Defendants exchanged the firearms for methamphetamine, and they returned the methamphetamine to the Eastern District of Kentucky for distribution on a lower scale. Defendant Evans supplied the methamphetamine and accepted firearms in exchange for it.

A "shots-fired" complaint on September 11, 2018, led to investigations by the Kentucky State Police ("KSP"), the ATF, and the Jefferson County Sheriff's Department ("JCSD"). (Presentence Investigation Report ("PSR"), R. 598, Page ID ## 2395–96 ¶¶ 13–16.) The JCSD executed a search warrant on Defendant Evans' hotel room on October 10, 2018, following a tip regarding drug activity. The JCSD found Defendant Evans to be in possession of more than 100 grams of mixtures of Fentanyl, 4-ANPP, heroin, and methamphetamine. They also found a pill press, small baggies, Epsom salt, and a loaded revolver. Defendant Evans was arrested on partially related state charges the same day and was released on his own recognizance. However, Defendant Evans was arrested on unrelated state charges on February 12, 2019, and was held in pretrial detention. Accordingly, the United States filed a motion requesting that Defendant Evans be brought before the district court for arraignment on the federal charge. He appeared in the district court pursuant to a writ on April 22, 2019, and he was remanded to the custody of the U.S. Marshals Service.

Defendant Evans pleaded guilty on December 27, 2019, following discovery and the district court's denial of his motion in limine to exclude the revolver found at the time of his arrest.[1] The probation office prepared its Presentence Investigation Report ("PSR") on March 6, 2020, and circulated it to the parties. In total, the probation office attributed 4.39 kilograms of "methamphetamine mixture" to Defendant Evans. (PSR, R. 598, Page ID # 2402 ¶ 64.) The district court sentenced him on May 28, 2020, and it entered judgment the following day. Both before sentencing and at his sentencing hearing, Defendant Evans objected to his criminal history score calculation on three grounds. He raises all three objections on appeal, and he now adds an additional corollary objection.[2]

First, in his objection to Paragraph 81 of the PSR, Defendant Evans challenged a point assessed for a May 2010 offense for failure to possess a driver's license, which resulted in a ninety-day sentence that was conditionally discharged for a period of two years. Defendant Evans argued that the offense was a minor traffic infraction. The district court overruled this objection, noting that Defendant's sentence exceeded this Circuit's penalty period defining minor offenses. It correspondingly determined that the PSR's calculation correctly counted the offense under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c)(1).

Second, in his objection to Paragraph 85 of the PSR, Defendant Evans challenged a point assessed for an April 2016 offense for failure to maintain auto insurance, which resulted in a thirty-day jail sentence also conditionally discharged for a period of two years. The district court rejected

---

[1] Defendant pleaded guilty to Count 1 of the government's second superseding indictment under 21 U.S.C. § 846, which was brought on June 27, 2019.

[2] *See infra* note 3 and accompanying text. Of note, counsel for Defendant Evans did not submit a sentencing memorandum.

this objection for the same reason under U.S.S.G. § 4A1.2(c)(1). Defendant Evans now also challenges Paragraph 88 of the PSR, where two points were added to the criminal history score calculation under U.S.S.G. § 4A1.1(d) because the present offense was committed while Defendant Evans was under the criminal sentence for failing to maintain auto insurance.[3] Defendant Evans argues that the points are overstated because the underlying conduct consisted of a minor offense.

Finally, in his objection to Paragraph 86 of the PSR, Defendant Evans challenged a point assessed for a 2017 conviction for possession of marijuana, which resulted in a four-day sentence credited for time served. The district court overruled this objection. It found that the misdemeanor offense counted due to the corresponding sentence of imprisonment and the fact that the charge was not excluded by U.S.S.G. § 4A1.2(c)(1).

## DISCUSSION

We review a district court's sentencing determination for reasonableness. *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). The reasonableness of a sentence is analyzed under a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), in light of the "uniqueness of the individual case," *id.* at 52; *see, e.g.*, *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). "Review for reasonableness has both procedural and substantive components," *Carter*, 510 F.3d at 600; however, Defendant Evans challenges only the substantive reasonableness of his sentence.

---

[3] The district court did not hear or rule on Defendant Evans' argument as to Paragraph 88 of the PSR, which Defendant Evans raises before the Court in his briefs on appeal. However, it relates to, and depends on, Defendant's noted objection to Paragraph 85 of the PSR, which the district court overruled.

In evaluating the substantive reasonableness of a sentence, there is a rebuttable presumption of reasonableness when the sentence falls within the applicable guidelines range. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). A sentence may be substantively unreasonable when the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent [18 U.S.C.] § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

The district court did not abuse its discretion in imposing a 200-month sentence considering the offense conduct and the relevant evidence before it. Indeed, the sentence fell in the lower half of the guidelines range and reflected a careful analysis of the 18 U.S.C. § 3553(a) factors.

## I.     Criminal History Category Calculation and Consideration

The district court correctly calculated Defendant Evans' criminal history category and did not abuse its discretion when considering it at sentencing via the 18 U.S.C. § 3553(a) factors. It adopted the probation department's assessment of thirteen criminal history points for his prior felony and misdemeanor convictions, resulting in a criminal history category of VI.

### A.  Prior Felony Convictions

Defendant Evans asks this Court to consider that the felony convictions counted in his criminal history score calculation, which amounted to eight points, all occurred when he was eighteen years old. While this is true, those offenses were nevertheless committed *after* Defendant Evans turned eighteen, at which point the Sentencing Guidelines do not provide for any age-related exceptions. *See* U.S.S.G. § 4A1.2(d). Indeed, the district court *did* consider the fact that these offenses occurred early in Defendant Evans' adulthood. Accordingly, they were properly counted.

**B. Prior Misdemeanor Convictions**

Defendant Evans also argues that three of his prior misdemeanor convictions, which amounted to five criminal history points, were minor offenses that should have resulted in a lower criminal history category. That is not the case.

First, the district court assigned one point for Defendant Evans' conviction under Kentucky Revised Statute § 186.510 for failure to possess a driver's license, properly noting that the offense is not a minor traffic infraction under U.S.S.G. § 4A1.2(c)(2). This Court defines a minor traffic infraction as a misdemeanor offense "with a maximum term of imprisonment of five days or less." *United States v. Kingston*, 922 F.2d 1234, 1239 (6th Cir. 1990); *see also United States v. Rollins*, 97 F. App'x 577, 578–79 (6th Cir. 2004) ([M]isdemeanor offenses with an authorized prison term . . . of more than five days are not 'minor traffic infractions.'"). Here, Defendant Evans was sentenced to ninety days of imprisonment, conditionally discharged for two years. Additionally, his sentence exceeded the one-year term-of-probation floor under U.S.S.G. § 4A1.2(c)(1)(A), and was thus properly counted. *See United States v. Miller*, 56 F.3d 719, 721 (6th Cir. 1995) (finding that a conditional discharge of a prison sentence is the "functional equivalent" of unsupervised probation); *see also Rollins*, 97 F. App'x at 579 (concluding that a conditional discharge of a sentence is the "functional equivalent" of unsupervised probation under Kentucky law). Defendant's hypothetical arguments regarding what would have happened "had the traffic court imposed only one year of conditional discharge," and "had this offense been committed a month and a half earlier" are unavailing because they are not applicable here. (Appellant's Br. 9–10.)

The district court also counted one point for Defendant Evans' conviction under Kentucky Revised Statute § 304.39-080 for failure to maintain auto insurance, which resulted in a thirty-day

jail sentence conditionally discharged for a period of two years. It correctly rejected Defendant Evans' objection to this point for the same reasons under U.S.S.G. § 4A1.2(c)(1)–(2). In tandem with his objection to the point assigned for this sentence, Defendant Evans now challenges Paragraph 88 of the PSR, which added two points to the criminal history score calculation under U.S.S.G. § 4A1.1(d) because the present offense was committed while Defendant Evans was under the "functional equivalent" of unsupervised probation for failure to maintain auto insurance. *Miller*, 56 F.3d at 721. Defendant Evans argues against these points on the basis that they were based on a minor traffic infraction. Because there was no error in the determination that the underlying offense was not, in fact, a minor traffic infraction, this additional argument is without merit.

Third and finally, the district court properly counted Defendant Evans' conviction for violating Kentucky Revised Statute § 218A.1422 for possession of marijuana, which resulted in a four-day jail sentence credited for time served, in addition to costs and a fine. Indeed, the Sentencing Guidelines do not exclude drug possession offenses, *see* U.S.S.G. § 4A1.2(c)(1)–(2), nor do they distinguish between sentences served before or after they are imposed,[4] *see id.* § 4A1.2(a).

Defendant Evans' criminal history points were thus accurately counted and assessed. The district court did not abuse its discretion when considering them at sentencing in addition to the other 18 U.S.C. § 3553(a) factors.

---

[4] This issue would be ripe only if the charge was enumerated under U.S.S.G. § 4A1.2(c)(1)–(2) *and* the corresponding sentence met the timing requirements under § 4A1.2(c)(1)(A), namely, a sentence with a term of probation of more than one year or a term of imprisonment of at least thirty days. These timing requirements, however, would likely solve Defendant Evans' concerns regarding the unfortunate circumstance where a defendant is sentenced to the time that he spent in jail awaiting a first court appearance.

## II.     Failure to Vary Downward

Additionally, the district court did not err in failing to vary downward in light of Defendant Evans' objections to his criminal history score calculation.   Trial courts may vary from the Sentencing Guidelines and impose a sentence outside the guidelines range that is sufficient but not greater than necessary to serve the goals of sentencing.  *See, e.g.*, *Collington*, 461 F.3d at 809; 18 U.S.C. § 3553(a).  However, "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the district court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees."  *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011) (emphasis in original); *United States v. Cooper*, 739 F.3d 873, 883 (6th Cir. 2014) ("We have never held . . . that a district court must depart downward from a guidelines-recommended sentence.").

Here, the district court found that "[t]here is not a basis to vary that I can see in this well-developed record with the criminal record and the nature and circumstances that I've identified, along with the primary purposes driving the sentence."  (Sent'g Tr., R. 633, Page ID # 2640–41.) Notably, it nevertheless credited the fact that several of Defendant Evans' criminal history points were "a little bit cheap," insofar as "they are traffic-related misdemeanors and situations where [he] got very little time or a suspended sentence."  (*Id.* at Page ID # 2641.)  The district court also considered Defendant Evans' "sincere" allocution, and it accounted for both of these factors when imposing a sentence of 200 months, within the lower half of the guidelines range of 188 to 235 months.  (*Id.*)

Defendant Evans maintains that his criminal history score overrepresents the seriousness of his offenses, noting that "[h]ad *any* of the aforementioned [misdemeanor] offenses not counted

toward [his] criminal history points, his category would have been V, not VI." (Appellant's Br. 4.) But therein lies the rub. The offenses *did* count, not because of a discretionary assessment by the trial court, but because of the factors outlined by the Sentencing Commission in 18 U.S.C. § 3553(a) and this Court's corresponding body of law.

Considering the correct criminal history score calculation and the district court's comprehensive analysis of the information available to it when it decided not to vary downward, Defendant Evans' 200-month sentence did not amount to an abuse of discretion. *See United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012) ("Defendant bears a heavy burden in showing that his sentence at the low-end of his guidelines range is unreasonable.").

## CONCLUSION

For the reasons stated above, we **AFFIRM** Defendant's sentence.