NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 21, 2007
Decided February 22, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1871

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>CARVONTAE D. WASHINGTON,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 3:05CR30119-001-GPM<br><br>G. Patrick Murphy,<br>*Chief Judge.* |

**O R D E R**

Carvontae Washington pleaded guilty to two counts of possessing and distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1).  The district court sentenced him to concurrent terms of 135 months' imprisonment and four years' supervised release.  Washington filed a notice of appeal, but appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  For his part, Washington accepted our invitation to respond to his lawyer's motion.  *See* Cir. R. 51(b).  Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel and Washington.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel informs us that Washington wants his guilty pleas set aside, and so counsel first considers whether Washington could argue that his pleas were involuntary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). But Washington did not move to withdraw his guilty pleas in the district court. Consequently, we would review the district court's compliance with Federal Rule of Criminal Procedure 11 for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). A magistrate judge engaged in an extensive plea colloquy with Washington before recommending that the district court accept his guilty pleas. *See* S.D. Ill. R. 72.1(b)(2). The magistrate judge explained the charges, the right to plead not guilty, the trial rights Washington would waive by pleading guilty, and the minimum and maximum terms of imprisonment and supervised release he faced for each count. *See* Fed. R. Crim. P. 11(b)(1). Washington acknowledged his understanding of the district court's address at each stage of the colloquy. We therefore agree with counsel that it would be frivolous for Washington to challenge on appeal the voluntariness of his guilty pleas.

Counsel next considers whether Washington could argue that his offense level was improperly increased by two levels for possessing a gun during the drug transactions underlying his convictions. *See* U.S.S.G. § 2D1.1(b)(1). The guidelines mandate the two-level increase if a dangerous weapon was present during the offense or during relevant conduct, "unless it is clearly improbable that the weapon was connected with the offense." *Id.* cmt. n.3; *see United States v. Johnson*, 227 F.3d 807, 814 (7th Cir. 2000). At sentencing the government presented evidence that Washington twice sold crack to a confidential informant from the front porch of a home he shared with his mother and siblings. Two days after the second transaction, police executed a search warrant at the house and recovered a semiautomatic handgun and two loaded magazines from a cabinet in the home's front entryway. Cash (including marked bills from a previous controlled buy) and additional drugs were found elsewhere within the home. The parties stipulated that the gun belonged to Washington's brother, but Washington denied that it was connected to his drug transactions. The district court nevertheless concluded that it was not clearly improbable that the gun was connected with Washington's drug crimes.

In response to counsel's *Anders* brief, Washington asserts that the court erroneously shifted the burden to him to prove that he did not possess the gun. For purposes of U.S.S.G. § 2D1.1(b)(1), the government bears the initial burden of proving "by a preponderance of the evidence that the defendant possessed a weapon in a place where drugs were present." *Johnson*, 227 F.3d at 814; *United States v. Tyler*, 125 F.3d 1119, 1122 (7th Cir. 1997). The "burden of persuasion then falls upon the defendant to demonstrate that it is 'clearly improbable' that the weapon was connected with" his offense. *Johnson*, 227 F.3d at 814; *Tyler*, 125 F.3d at 1122. At sentencing the government informed the court that "the burden is on the

defendant to show by clear and convincing evidence" that he did not possess the gun in connection with the drug sales. Although this statement is not a perfect recitation of the standard, it is not inaccurate. And any confusion caused by the government's statement is irrelevant because, on the evidence presented by the government and Washington, the district court was required to assess the two-level increase. *See, e.g., United States v. Corral,* 324 F.3d 866, 872-74 (7th Cir. 2003) (finding § 2D1.1(b)(1) increase appropriate where defendant had constructive possession of gun found in house where drugs also found). Thus we agree with counsel that any challenge to the court's calculation of Washington's offense level on this ground would be frivolous.

Counsel also considers two challenges to the district court's calculation of Washington's criminal-history category. First, he examines whether Washington could argue that the district court improperly assessed one criminal-history point for a 2002 conviction for driving without insurance. Counsel correctly recognizes, however, that the district court was bound by our decision in *United States v. Boyd,* 146 F.3d 499, 501-02 (7th Cir. 1998), and thus was required to assess one point for that conviction. Second, counsel explores whether Washington could argue that the district court erred when it assessed two criminal-history points because, at the time he committed the offenses giving rise to his federal convictions, he was serving a six-month term of supervised release resulting from a state conviction. The guidelines instruct that, under U.S.S.G. § 4A1.1(d), a sentencing court must add two points to a defendant's criminal-history score "if the defendant committed any part of the instant offense . . . while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) cmt. n.4. Accordingly, we agree with counsel that it would be frivolous for Washington to challenge the calculation of his criminal-history score on these grounds.

Washington asks us to consider whether he could argue that his guidelines range was improperly calculated because his base offense level reflects a drug quantity greater than 50 grams when, he says, he pleaded guilty to less than 50 grams. But this argument is frivolous because Washington's presentence investigation report disclosed that the two transactions giving rise to his convictions involved 26.3 grams of crack on one occasion and 23.8 grams on the other.

Finally, counsel considers whether Washington could argue that his overall prison term is unreasonable. We have held that a sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). *Cf. Rita v. United States*, 127 S. Ct. 551 (2006) (granting certiorari to decide whether affording presumption of reasonableness to sentence within guidelines range is consistent with *United States v. Booker*, 543

U.S. 220 (2005)).  The guidelines range calculated by the district court, after granting considerable concessions to Washington on his relevant conduct calculation, yielded an imprisonment range of 135 to 168 months.  In choosing to impose a sentence at the bottom of that range, the court considered the factors in 18 U.S.C. § 3553(a), including Washington's prior criminal conduct and the need for punishment and deterrence.  And neither Washington nor his counsel have identified information in the record that would have compelled a lower sentence.  We therefore agree with counsel that this potential claim would be frivolous.

Counsel's motion to withdraw is GRANTED, and given our agreement with counsel that this appeal is frivolous, Washington's motion for substitute counsel is DENIED.  The appeal is DISMISSED.