United States Court of Appeals,

Eleventh Circuit.

No. 95-6355.

UNITED STATES of America, Plaintiff-Appellee,

v.

Calvin Lamar BAKER, Defendant-Appellant.

July 7, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-92-H-271-NE), James H. Hancock, Judge.

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and STAGG[*], Senior District Judge.

STAGG, Senior District Judge:

In this action, we address two sentencing issues: (1) whether the district court erred in applying the sentencing guidelines by attributing one criminal history point to the appellant for his prior misdemeanor worthless checks conviction and (2) whether the district court erred in applying the sentencing guidelines by attributing one criminal history point to the appellant for his prior uncounseled theft of property conviction. We concur with the district court's application of the sentencing guidelines in both instances and, therefore, affirm.

*I. FACTS AND PROCEDURAL HISTORY*

On October 12, 1992, in the United States District Court for the Northern District of Alabama, Calvin Lamar Baker ("Baker") was charged in a two-count indictment with being a felon in possession of a firearm, 18 U.S.C. § 922(a)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d). Three days later, Baker pleaded guilty in the Huntsville, Alabama, Municipal Court to four unrelated state worthless checks charges and was sentenced to five days imprisonment on each charge, fined, and ordered to pay restitution. In addition, Baker was placed on probation

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

for a period of one year or until the fines and restitution were paid.[1]  On October 27, 1992, Baker pleaded guilty in the same court to yet another state-law offense, theft of property, but sentencing on this matter was continued by the state court judge.

On February 18, 1993, Baker entered a plea of guilty to both federal counts and was sentenced to 71 months imprisonment by the district court judge.  On November 2, 1994, this court granted Baker's *pro se* motion to remand this case to the district court for resentencing in accordance with new judicial precedent interpreting certain applicable provisions of the sentencing guidelines.[2] Thereafter, the district court vacated its February 18, 1993 sentence and scheduled a resentencing hearing for March 24, 1995.

A PSI was prepared in connection with the resentencing.  On March 23, 1995, Baker filed an objection to paragraph 43 of the PSI which recommended that one criminal history point be added to his criminal history score for his state theft of property offense, arguing that as no sentence had as yet been imposed for this conviction, it could not be counted in calculating his criminal history score.  Baker again raised this objection orally at the March 24, 1995 resentencing hearing, and the district court responded by continuing the hearing until April 26, 1995, to allow the state court sufficient time in which to impose a sentence for the theft of property offense.

On April 5, 1995, Baker was sentenced by the state court to a $300.00 fine, plus costs, both remitted, with no custody.  Despite his request for representation, Baker was not afforded the opportunity to have counsel present at the state-court sentencing.

On April 20, 1995, Baker filed a supplemental objection to the PSI, arguing that the recommendation that one criminal history point be added to his criminal history score for the sentence he received in connection with his state worthless checks conviction was erroneous because the state sentence did not impose a term of "probation for at least one year" as required by U.S.S.G.

---

[1]Although Baker's presentence investigation report ("PSI") in the present case stated that he was "sentenced to 20 days work release, fined $546.00, restitution of $766.51, and placed on probation for one year," in fact, his probation was to last only for a period of one year or until the fines and restitution were paid.  On appeal, the government concedes that the PSI report was inaccurate on this point.

[2]These issues are not the basis for the present appeal.

§ 4A1.2(c)(1).

The resentencing hearing was held on April 26, 1995. At the hearing, Baker's counsel orally objected for the first time to enhancement under the sentencing guidelines for Baker's state theft of property sentence on the grounds that the state court denied Baker's request for counsel in connection therewith. Baker's counsel, however, failed to restate the worthless checks objection at the hearing. Overruling the defendant's objections to the PSI, the trial court sentenced Baker to 57 months imprisonment.

The court arrived at this term of imprisonment through its application of the sentencing guidelines. Pursuant to U.S.S.G. § 2K2.1(a)(4), the district court determined that Baker's base offense level was 20. The court then subtracted three levels for Baker's acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total adjusted offense level of 17. Based on his prior offenses, the court determined that Baker's criminal history score was 10, placing him in criminal history category V.[3] The court, in its calculation, added one criminal history point for Baker's prior state theft of property offense and one criminal history point for his prior worthless checks sentence. The sentencing table prescribes a guideline range of between 46 and 57 months imprisonment for this offense level and criminal history score. Thus, the court's imposition of a 57 month sentence was at the high end of this range. A notice of appeal was timely filed.

On appeal, Baker challenges the validity of the district court's application of the sentencing guidelines. Specifically, Baker contends that the district court erred by adding one point to his criminal history score based on his prior misdemeanor worthless checks sentence because this sentence was subject to the exclusion contained in U.S.S.G. § 4A1.2(c)(1). In addition, Baker contends that the district court erred by adding one point to his criminal history score based on his prior, uncounseled state theft of property sentence because this sentence should not have been considered a "prior sentence" within the meaning of U.S.S.G. § 4A1.2(a)(1) and/or because he was denied his constitutional right to assistance of counsel at the state sentencing hearing. If Baker is correct on either point, then his criminal history score would be reduced from a total of 10 to 9,

---

[3]Criminal history category V encompasses criminal history scores 10, 11, and 12.

taking him from criminal history category V to criminal history category IV and decreasing his custodial sentence by a minimum of eleven months.

## II. DISCUSSION

A district court's application of the sentencing guidelines is subject to *de novo* review. *United States v. Gonzalez,* 71 F.3d 819, 836 (11th Cir.1996). We begin by affirming the district court's application of the guidelines with respect to Baker's prior, uncounseled misdemeanor theft sentence without comment other than to state that the United States Supreme Court definitively addressed this issue in *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (holding that "an uncounseled misdemeanor conviction, valid under Scott[ v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979),] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction"). As for Baker's remaining contention—that the district court erred in attributing one point to his criminal history score for the state misdemeanor worthless checks sentence—we also affirm for the following reasons.[4]

Under Chapter Four of the sentencing guidelines, misdemeanor and petty offenses are generally considered in calculating a defendant's criminal history score.[5] However, U.S.S.G. §

---

[4]The government's contention that Baker abandoned this objection by failing to restate it orally at the April 26, 1995 resentencing hearing is unavailing. The record reveals that Baker's attorney filed a written supplemental objection to the PSI on April 20, 1995, in which he specifically raised his objections to enhancement under U.S.S.G. § 4A1.2 for the worthless checks offense. Although Baker's attorney did not orally restate this objection during the April 26, 1995 resentencing hearing, when asked by the trial judge whether there were any further objections, Baker's attorney responded: "[Co-counsel] filed a supplemental objection to the Presentence Report that was filed on October 20th and other than what's contained within our supplemental objections, we have no other objections." Reply Brief of Appellant at 2. Accordingly, we find that Baker preserved this issue for appeal.

[5]United States Sentencing Guideline, section 4A1.1, provides in part:

> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a

4A1.2(c)(1) provides that certain enumerated offenses and "offenses similar to them" are to be disregarded unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." *See United States v. Gadison,* 8 F.3d 186, 193 (5th Cir.1993); *United States v. Booker,* 71 F.3d 685, 687-89 (7th Cir.1995); *United States v. Kemp,* 938 F.2d 1020 (9th Cir.1991). Among those offenses specifically listed in section 4A1.2(c)(1) is "insufficient funds check."

Baker contends that his Alabama worthless checks offense is "similar to" the offense of "insufficient funds check"; that he received a sentence for a term of probation less than one year for that offense; and that the exception contained in section 4A1.2(c)(1) is, therefore, applicable. However, it is immaterial whether Baker's worthless checks offense is "similar to" one of the

---

total of 4 points for this item.

....

U.S.S.G. § 4A1.2, entitled "Definitions and Instructions for Computing Criminal History," further provides:

(a) *Prior Sentence Defined*

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilty, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense.

....

(c) *Sentences Counted and Excluded*

Sentences for all felony offenses are counted. *Sentences for misdemeanor and petty offense are counted, except as follows:*

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days or (B) the prior offense was similar to an instant offense:

...

Insufficient funds check.

...

(Emphasis added).

offenses listed in section 4A1.2(c)(1) because we find that the state court imposed a sentence of "a term of probation of at least one year" in connection therewith.

It is uncontroverted on appeal that the probationary period that Baker received in the October 15, 1992 state sentence was for a period of one year *or until the assessed fines and restitution were paid.* Baker contends that as the probationary period imposed by the state court was contingent on his paying the assessed fees, the period was indeterminate and, therefore, not "at least one year" as required by section 4A1.2(c)(1). Baker further argues that he could have paid the assessed fines and costs at any time within a year, thereby ending his probation.[6] The application notes to section 4A1.2(c)(1) offer guidance on the interpretation of such conditional sentences. U.S.S.G. § 4A1.2, comment. (n. 2), provides:

> For the purposes of applying § 4A1.1(a), (b), or (c), *the length of a sentence of imprisonment is the stated maximum (e.g.,* in the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; *in the case of an indeterminate sentence not to exceed five years, the stated maximum is five years ...).* That is, criminal history points are based on the sentence pronounced, not the length of time actually served.... *A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.*

(emphasis added). *See also* U.S.S.G. § 4A1.2(b)(1) ("The term "sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed"). Applying the "stated maximum" rule to the indeterminate sentence at issue, the length of the probationary sentence received by Baker in connection with his state worthless checks offense is—for the purpose of computing his criminal history score—one year, the "stated maximum."

Accordingly, because Baker received a sentence of "a term of probation of at least one year" for his prior Alabama worthless checks offense, the exception contained in U.S.S.G. § 4A1.2(c)(1) is inapplicable. The district judge correctly added one criminal history point to Baker's criminal

---

[6]The government points out, however, that Baker failed to pay the assessed fines and restitution within the allotted year. So, at the time of his resentencing Baker had, in fact, served a sentence of probation for at least one year. Nonetheless, the relevant inquiry is what sentence was *imposed,* not what sentence was actually *served. See* U.S.S.G. § 4A1.2(a)(1) ("The term "prior sentence' means any sentence previously imposed"); *See also* U.S.S.G. § 4A1.2, comment (n. 2) ("That is, criminal history points are based on the sentence pronounced, not the length of time actually served"). Therefore, the fact that at the time of his resentencing, Baker had actually served a probation of one year has no bearing on the court's opinion.

history score for this prior misdemeanor offense under section 4A1.2(c) of the guidelines.

### III. CONCLUSION

The district court determined that Baker's criminal history score was 10, imputing one point to his criminal history score for his prior, uncounseled theft of goods offense and one point for his prior worthless checks offense. The district court's calculation was correct with respect to the uncounseled theft of goods offense. *See Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Likewise, the district court was correct in attributing one criminal history point to Baker for the worthless checks offense under U.S.S.G. § 4A1.2(c). Therefore, the district court's sentence is AFFIRMED.