[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

No. 06-12239
Non-Argument Calendar

_____

D. C. Docket No. 05-00191-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD WHITAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 24, 2007)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Donald Whitaker appeals his 150-month sentence for distribution of cocaine,

21 U.S.C. § 841.  First, Whitaker argues that his sentence should not be increased based on a prior unrepresented misdemeanor conviction.  Second, Whitaker argues that he was indicted for selling cocaine "from his home and car in March of 2005," and that therefore other cocaine seized by police in 2004 was not part of the "same course of conduct" under the guidelines and should not have been considered at sentencing.  After reviewing the parties' briefs and the record as a whole, we find no reversible error.

I.

"A district court's application of the sentencing guidelines is subject to <u>de novo</u> review."  <u>United States v. Baker</u>, 116 F.3d 870, 872 (11th Cir. 1997).

"[W]here no sentence of imprisonment was imposed, a defendant charged with a misdemeanor ha[s] no constitutional right to counsel."  <u>Nichols v. United States</u>, 511 U.S. 738, 743, 114 S.Ct. 1921, 1925, 128 L.Ed.2d 745 (1994) (citing <u>Scott v. Illinois</u>, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)).  In line with that rule, the Supreme Court has held that an "uncounseled misdemeanor conviction, valid under <u>Scott</u> because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."[1]  <u>Nichols</u>, 511 U.S.

---

[1] We note that the Supreme Court has more recently held that a suspended or probated sentence of imprisonment entitles the defendant to the benefit of counsel.  <u>Alabama v. Shelton</u>, 535 U.S. 654, 674, 122 S.Ct. 1764, 1776, 152 L.Ed.2d 888 (2002).  We decline to address whether <u>Shelton</u> applies in this case because Whitaker did not bring it to the district court's attention and has

at 749, 114 S.Ct. at 1928.

According to the 2005 version of the sentencing guidelines, prior sentences of imprisonment of at least 60 days are assigned between two and three criminal history points, depending on length, and any other prior sentences not resulting in such imprisonment is assigned one criminal history point. U.S.S.G. § 4A1.1(a)-(c). The guidelines restrict the meaning of a "sentence of imprisonment" to cases where the defendant "actually served a period of imprisonment" or would have had the defendant not escaped, and expressly provide that "[a] sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed." U.S.S.G. § 4A1.2, comment. (n. 2). The guidelines also note that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2, background comment. Finally, the guidelines expressly include convictions for DUI in a defendant's criminal history. U.S.S.G. § 4A1.2, comment. (n. 4).

In this case, as the court of conviction of the 2002 DUI did not impose a sentence of imprisonment on Whitaker, the district court did not err by giving

---

not raised the case on appeal; thus, the issue is deemed waived. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not raised on appeal are deemed waived).

3

Whitaker one criminal history point for that conviction.  Baker, 116 F.3d at 872.

## II.

We review a district court's finding as to relevant conduct only for clear error.  United States v. Blanc, 146 F.3d 847, 851 (11th Cir. 1998).  If we "decide that the district court misapplied the [g]uidelines, a remand is appropriate unless we conclude[], on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed."  Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112,1120-21, 117 L.Ed.2d 341 (1992).

Under the sentencing guidelines, two criminal history points are added to a defendant's criminal history if he "committed the instant offense while [on] parole" (among other things).  U.S.S.G. § 4A1.1(d).  As used in sentencing, "the instant offense" means "any relevant conduct."  U.S.S.G. § 4A1.1, comment. (n. 4).  "Activity that meets the definition of relevant conduct . . . must be fully taken into account."  See Blanc, 146 F.3d at 851 (discussing "relevant conduct" in the context of U.S.S.G. § 5G1.3).

"U.S.S.G. § 1B1.3 instructs district courts to consider not merely the charged conduct, but rather all 'relevant conduct' . . . ."  United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). The guidelines define relevant conduct, in

4

pertinent part, as:

> all acts and omissions committed . . . or wilfully caused by the defendant[, as well as] all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

U.S.S.G. § 1B1.3(a)(1).  Relevant conduct also includes "all acts and omissions described . . . above that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).  Notably, the commentary to this guideline states that "the defendant is accountable for all quantities of contraband with which he was directly involved."  U.S.S.G. § 1B1.3, comment. (n. 2).  We interpret the provisions of the relevant conduct guideline broadly.  United States v. Behr, 93 F.3d 764, 765 (11th Cir. 1996).  "[S]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence."  Hamaker, 455 F.3d at 1336.

At sentencing, Whitaker did not object to the PSI's finding that the drugs seized in 2004 were found in his former bedroom.  Whitaker did assert that the confidential informant's information was unreliable, but he did not present any evidence on this point or offer any argument explaining his assertion.  Finally, he challenged the reliability of his step-father's statement that the drugs were his (i.e. Whitaker's), but only by noting that his parents had since been convicted on state

5

charges related to the 2004 seizure. However, without knowing what those charges were, it is difficult to determine whether establishing his parents' guilt would exonerate Whitaker. Further, as the district court noted, the fact that the state refrained from charging Whitaker in that offense does not necessarily indicate that it had no evidence to support such charges, but could simply reflect the state's recognition that Whitaker had been charged in federal court. Finally, Whitaker did not challenge the fact that when he was ultimately arrested–roughly three months after the 2004 seizure–and more drugs were found in his parents' house, he admitted that those drugs were his.

As it is well-settled that a sentencing court can use "uncharged or acquitted conduct" in sentencing a defendant, Hamaker, 455 F.3d at 1336, and as Whitaker has failed to present any evidence to rebut the facts alleged in the PSI, the district court did not clearly err by concluding that the instant offense began as early as December 2004. The information suggesting that Whitaker was connected to the drugs seized in 2004 justified the conclusion that he had committed acts at that time either in preparation for the offenses committed three months later, or as part of the "conduct or common scheme or plan" of those later offenses. U.S.S.G. § 1B1.3(a)(1)-(2). Considered even more broadly, the information in the PSI, along with the findings not disputed by Whitaker, supported a conclusion that

Whitaker was "directly involved" with the 2004 drugs. U.S.S.G. § 1B1.3, comment. (n. 2). Accordingly, the court correctly assigned Whitaker two additional criminal history points because he was on parole in December 2004 at the time he engaged in conduct relevant to the instant offense.

Further, even if the district court did err in this regard, the error was harmless, as reducing Whitaker's criminal history from 12 points to 10 points would not, by itself, have reduced his criminal history category, and therefore would not have reduced his guideline sentencing range. See U.S.S.G. Chapter 5, Part A, Sentencing Table; Williams, 503 U.S. at 203, 112 S.Ct. at 1120-21.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**