[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13572
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00031-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID OTERO CRUZ,
a.k.a. Fredy Jahir Cruz,
a.k.a. David Cruz Otero,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2010)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

David Otero Cruz appeals his sentence of 80 months' imprisonment, which the district court imposed following Cruz's plea of guilty to one count of illegal reentry into the United States following deportation or removal for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Cruz argues that the district court erred when it added one criminal history point for a sentence imposed following a February 2005 Georgia misdemeanor conviction for possession of alcoholic beverages by a person below the legal age. He asserts that this conviction was presumptively void because he was not represented by counsel when he pled guilty, and did not knowingly and voluntarily waive his right to counsel. Cruz also argues that his 30-month sentence is procedurally and substantively unreasonable.

I.

We review a district court's application of the Sentencing Guidelines *de novo*. *United States v. Baker,* 116 F.3d 870, 872 (11th Cir. 1997).

As a general rule, a sentencing court may not examine the constitutionality of a prior state court conviction being used to enhance a defendant's sentence. *United States v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000). Nevertheless, when a defendant "sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this

2

earlier conviction before taking it into account." *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (*en banc*). The defendant must present enough to "lay a factual foundation for collateral review" of the prior conviction. *Id.*

The Supreme Court has held that an indigent criminal defendant does not have a right to appointed counsel in a case involving a misdemeanor conviction for which no term of imprisonment was imposed. *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). In so holding, the Court explained that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment." *Id.* at 373. The Supreme Court additionally has held that "an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed," may be used to enhance a defendant's punishment following a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 749 (1994). Based on these Supreme Court decisions, we have held that a district court should include uncounseled misdemeanor sentences for which no term of imprisonment was imposed in calculating a defendant's criminal history score. *Baker,* 116 F.3d at 872; *see also* U.S.S.G. § 4A1.2, comment. (backg'd) (same).

In this case, Cruz challenges the district court's imposition of one point to his criminal history score based upon his February 2005 Georgia misdemeanor conviction and sentence of a $200.00 fine for possession of alcoholic beverages by

a person below the legal age. Based on Supreme Court and this circuit's precedent, even if Cruz was not represented by counsel when he pled guilty to the misdemeanor charge, he was only sentenced to pay a $200.00 fine, and thus, the district court did not err in adding one criminal history point for that sentence.

II.

Cruz also challenges the procedural and substantive reasonableness of his sentence. We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). In reviewing the reasonableness of a sentence, we must ensure, first, "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court is not required to specifically discuss each § 3553(a) factor, provided that it is clear from the record that the court considered all of the factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

In this case, the district court followed the proper procedures in determining Cruz's sentence. Although Cruz asserts that the court focused exclusively on his

criminal history, and failed to consider the other § 3553(a) factors, the district court stated that it had given careful consideration to all of the § 3553(a) factors, and specifically cited the nature and circumstances of the offense, Cruz's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, provide deterrence, and protect the public. Thus, the record indicates that the court considered all of the statutory factors.

We also cannot state that Cruz's 80-month sentence is substantively unreasonable. Cruz was removed to Mexico in April of 2007 after he was convicted of an aggravated assault charge which stemmed from an incident where he had fired a gun at a moving vehicle. Cruz returned to the United States shortly after his removal, and continued his involvement in criminal activity becoming involved with SUR-13, a criminal street gang. He was arrested on a second aggravated assault charge after he allegedly fired a handgun at three individuals. We cannot state that the district court abused its discretion in sentencing Cruz to a term of 80 months imprisonment.

**AFFIRMED.**