[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14735
Non-Argument Calendar
_____

D.C. Docket No.  1:17-cr-20322-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FLEITAS,

Defendant - Appellant.

_____

No. 17-14820
Non-Argument Calendar
_____

D.C. Docket No.  1:17-cr-20322-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNEL RODRIGUEZ HERNANDEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 12, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Carlos Fleitas appeals his total 150-month sentence for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); possession of access device-making equipment, in violation of 18 U.S.C. § 1029(a)(4); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Co-defendant, Reynel Rodriguez Hernandez, appeals his total 48-month sentence for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); possession of 15 or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

Several issues are raised on appeal: (1) both defendants argue that the district court erred in imposing a 16-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1)(I), for a loss amount calculation based on the 3,659 account numbers discovered on the computer of a third co-defendant, Armando Pedroso, and in imposing a 2-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), for ten or more victims; (2) Rodriguez Hernandez argues that the district court erred in

2

failing to impose a 4-level reduction, pursuant to U.S.S.G. § 3B1.2(a), for a minimal role in the conspiracy; and (3) Fleitas argues that the district court abused its discretion by imposing a substantively unreasonable sentence. After careful review, we affirm.

We review a district court's interpretation of the Sentencing Guidelines de novo, and its determination of the amount of loss involved in an offense for clear error. United States v. Maxwell, 579 F.3d 1282, 1305 (11th Cir. 2009). Clear error will be found only if we are left with a definite and firm conviction that the district court committed a mistake. Id. We also review a district court's determinations of a defendant's role in the offense and the number of victims for clear error. United States v. Rodriguez, 732 F.3d 1299, 1305 (11th Cir. 2013); United States v. Rodriguez DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

Where a defendant expressly withdraws an objection before the district court, he waives the issue on appeal. United States v. Cobb, 842 F.3d 1213, 1222 (11th Cir. 2016). However, where a defendant fails to orally restate an objection at a sentencing hearing, but refers to previously filed objections, the issue is preserved for appeal. United States v. Baker, 116 F.3d 870, 872 n.4 (11th Cir. 1997).

Objections or arguments that are not raised at the district court are reviewed for plain error. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If all three conditions are met, we may exercise our discretion to recognize the error, if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

First, we are unpersuaded by the defendants' challenge to the district court's loss-amount calculation. Under the Guideline Commentary, loss in cases involving counterfeit or unauthorized access devices equals any unauthorized charges using the device "and shall be not less than $500 per access device." U.S.S.G. § 2B1.1, comment. (n.3(F)(i)). A district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. See United States v. Dabbs, 134 F.3d 1071, 1082 (11th Cir. 1998). To determine a defendant's liability for the acts of others, the court must first make individualized findings concerning the scope of the criminal activity undertaken by a particular defendant, and then determine reasonable foreseeability. United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003). The government bears the burden of establishing loss amount by a preponderance of the evidence. See Dabbs, 134 F.3d at 1081.

4

Here, the district court did not clearly err in calculating the loss amount nor err in assessing a 16-level enhancement for a loss amount of more than $1.5 million, but not more than $3.5 million. At sentencing, Detective Sebastian Monros testified that: (1) the simplest model of skimming devices can hold about 2,000 account numbers; (2) over the approximately two-month charged conspiracy, investigators recovered four skimming devices Monros had witnessed being installed by either Fleitas or the third co-defendant, Pedroso; (3) Monros could not confirm how many of the account numbers on Pedroso's computer were obtained through the skimmers, but the more than 3,000 numbers on the computer were consistent with having been retrieved using a skimmer; (4) Monros could not determine when the numbers were downloaded to Pedroso's computer, but Fleitas had equipment to download information from skimmers; and (5) at the time officers searched Fleitas's house, he had a flash drive with 500 account numbers. In addition, Rodriguez Hernandez admitted in the plea agreement that he had accompanied Fleitas to gas stations to install or remove skimming devices, and Rodriguez Hernandez had in his possession a magnetic strip encoder and 16 counterfeit credit and gift cards encoded with account numbers.

The government argued, and the court agreed, that the object of the conspiracy was to use skimming devices to obtain credit card account numbers and make fraudulent credit cards, and that the skimming devices were capable of holding

around 2,000 numbers per device.  The government also argued, and the court again agreed, that the scope of the conspiracy included an indeterminate quantity of numbers, "as many numbers as they possibly can obtain."  The court added that Fleitas had been engaged in this conspiratorial conduct, and had been hoping for as much financial gain as he could derive.  Moreover, the court observed that Rodriguez Hernandez had jointly undertaken criminal activity that he knew involved skimming credit card numbers and manufacturing access devices, had exchanged text messages with Fleitas about which account numbers he could take, and did not appear concerned about how big the conspiracy was.  The court concluded that it was reasonably foreseeable to both Fleitas and Rodriguez Hernandez that the scope of the conspiracy exceeded whatever numbers were found in their possession.

Through these findings, the court described the scope of the conspiracy and indicated that the quantity of numbers on Pedroso's computer were a foreseeable consequence of that activity.  Hunter, 323 F.3d at 1320, 1322; Dabbs, 134 F.3d at 1082.  The court then calculated the loss amount, using the 3,000 credit card account numbers found on Pedroso's computer and the Guidelines' rubric of at least "$500 per access device," which resulted in a total loss amount of between $1.5 and $3.5 million.  Because the district court made findings as to the scope of the criminal activity Fleitas and Rodriguez Hernandez jointly undertook with their co-defendant, and found that the over 3,000 credit card account numbers on Pedroso's computer

were a reasonably foreseeable consequence of the conspiracy, the district court did not err in applying a 16-level enhancement for loss amount.

Next, we reject the defendants' claim that the district court clearly erred in calculating the number of victims involved in the offense. A two-level sentencing enhancement applies where the offense involved ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A). A "victim" means, inter alia, "any individual whose means of identification was used unlawfully or without authority," and the mere transfer of unauthorized identifying information is not the equivalent to the actual use of the identifying information for a fraudulent purpose. United States v. Hall, 704 F.3d 1317, 1321-1323 (11th Cir. 2013) (emphasis omitted). Hall held that because the plain language of U.S.S.G. § 2B1.1(b)(2)(B) did not apply to a defendant's mere sale or transfer of the victims' identifying information, only the 12 individuals whose identifying information was used to obtain fraudulent credit cards could be counted as "victims" in calculating Hall's sentence. Id. at 1322-23.

For starters, we need not decide Rodriguez Hernandez's appeal of this issue. At sentencing, his counsel declared that while "there was one more objection that I filed concerning the number of victims[,] . . . I'm withdrawing that objection." Thus, Rodriguez Hernandez failed to preserve this issue on appeal by expressly withdrawing his objection during sentencing. Cobb, 842 F.3d at 1222.

7

Fleitas, however, likely preserved this issue for appeal by referencing his objections at the end of the sentencing hearing, although he did not make arguments before the district court related to the objection, he did not remind the court it needed to rule on the objection, and the court never made an explicit ruling on the objection. On this record, we review for plan error, <u>Bennett</u>, 472 F.3d at 831, but we cannot find any.  Even without considering Fleitas's mere possession of account numbers, the record reveals that Fleitas personally possessed 6 counterfeit credit and gift cards, while Rodriguez Hernandez personally possessed 16 counterfeit credit and gift cards.  Because Fleitas can be held responsible for the foreseeable acts of his co-conspirators, between Fleitas and Rodriguez Hernandez, 22 counterfeit credit and gift cards were made, and the identifying information of at least 10 victims was used for the purposes of the enhancement.  <u>Hall</u>, 704 F.3d at 1322-23.  Thus, the district court did not plainly err in calculating the number of victims.

We are also unconvinced by Rodriguez Hernandez's claim that the district court clearly erred in failing to impose a four-level minimal-role reduction.  The Sentencing Guidelines provide for a two-level reduction in a defendant's offense level if he was a minor participant in the offense.  U.S.S.G. § 3B1.2(b).  A minor participant is any participant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  <u>Id</u>. § 3B1.2, comment. (n.5).  Further, a district court may decrease a defendant's offense level

by four levels if it finds the defendant was a "minimal participant" in the criminal activity.  Id. § 3B1.2(a).  The commentary to the Guidelines instructs that a four-level reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group . . . [and their] lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  Id., comment. (n.4).  The district court has "considerable discretion in making this fact-intensive determination."  United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002).  The defendant bears the burden of proving his minor role by the preponderance of the evidence.  DeVaron, 175 F.3d at 939.

Here, the district court did not clearly err in granting Rodriguez Hernandez a minor-role reduction instead of a minimal-role reduction.  As we've said, the district court has considerable discretion in making this determination, and in this case, Rodriguez Hernandez failed to carry his burden of proving his role was minimal, as opposed to minor, by a preponderance of the evidence.  Boyd, 291 F.3d 1274; DeVaron, 175 F.3d at 939.  The court specifically noted that, had Rodriguez Hernandez's role been limited solely to acting as a lookout, it would consider him a minimal participant.  The court added, however, that because Rodriguez Hernandez was in possession of credit card numbers, 16 counterfeit credit or gift cards, and a magnetic strip encoder, and had exchanged text messages with Fleitas about which

9

account numbers he could take, the evidence indicated his role was more than only a lookout.  So while Rodriguez Hernandez may have been the least culpable of his co-defendants, we cannot say the court clearly erred in finding he was more than a minimal participant.

Finally, we find no merit to Fleitas's claim that his sentence is substantively unreasonable.  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

92. A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. Id. at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

If the court varied from the guideline range after weighing the § 3553(a) factors, we "may not presume that [the] sentence . . . is unreasonable and must give due deference to the district court's decision . . . ." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted). We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation omitted). Although the district court must consider the § 3553(a) sentencing factors, it is not required to explicitly discuss or state on the record that it has considered each of the § 3553(a) factors. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). Even if the district court fails to articulate explicitly that it has considered the § 3553(a) factors, the sentence is not rendered unreasonable if the record indicates that the court did, in fact, consider a

11

number of the sentencing factors. Id. The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, the district court did not impose a substantively unreasonable sentence. At sentencing, the court said that it specifically considered the circumstances of the offense and Fleitas's criminal history, including uncharged conduct, and that, based on those factors, as well as the parties' statements, the PSI, and the other statutory factors, an upward variance was warranted. The district court then imposed a sentence of 120 months' imprisonment on one of Fleitas's counts (upward from the Guidelines' range of 70 to 87 months), which resulted in a total sentence of 150 months' imprisonment. In imposing the variance, the court repeatedly noted that the circumstances of the offense demonstrated a callousness on the part of Fleitas, especially since he had been out on bond when he committed the instant offense, and that Fleitas had been involved in this kind of criminal credit card scheme since at least 2013. On this record, we cannot say that the district court abused its discretion in imposing Fleitas's sentence, nor in imposing an upward variance on one of the counts. Indeed, we've explained that, under the abuse-of-discretion standard of review, there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. Irey, 612 F.3d at 1189. Because the district court clearly considered the § 3553(a) factors in arriving at Fleitas's

12

sentence and did not fail to afford consideration to relevant factors that were due significant weight, did not give significant weight to an improper or irrelevant factor, and did not commit a clear error of judgment in considering the proper factors, we cannot say the sentence was substantively unreasonable.  Id.

**AFFIRMED**.