**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50028 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00309-RGK-1 |
| v. | |
| JERMAINE MARCELLOUS EGGLESTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 11, 2011[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Jermaine Eggleston ("defendant") appeals the 77-month prison sentence

imposed by the district court after he pleaded guilty to being a felon in possession

of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) ("count one")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and possession with intent to distribute cocaine base in the form of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) ("count two"). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The defendant challenges his sentence based on the district court's application of firearm enhancements to his two counts pursuant to the United States Sentencing Guidelines Manual (U.S.S.G.) §§ 2K2.1(b)(6) and 2D1.1(b)(1). We "review the district court's interpretation of the Sentencing Guidelines de novo, [its] application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and [its] factual findings for clear error." *United States v. Staten*, 466 F.3d 708, 713 (9th Cir. 2006) (internal quotations and citations omitted). The defendant also asserts that he should not have been assessed a criminal history point under U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(1) for an unlicensed driving conviction. Because the defendant did not challenge his criminal history calculations in district court, we review this claim for plain error. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

The district court did not err in applying the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) to defendant's conviction for possession with intent to distribute crack cocaine. Section 2D1.1(b)(1) authorizes a two-level enhancement to a defendant's base offense level "[i]f a dangerous weapon (including a firearm)

2

was possessed." In this case, the defendant admitted under oath that he possessed the firearm on the same day and at the same house in which he possessed crack cocaine. Therefore, the defendant's conduct easily satisfies the broad definition of "possession" in our Circuit. *See, e.g.*, *United States v. Pitts*, 6 F.3d 1366, 1372 (9th Cir. 1993); *United States v. Stewart*, 926 F.2d 899, 901 (9th Cir. 1991). To avoid enhancement under Section 2D1.1(b)(1), the "burden [was] on the defendant to prove that it was 'clearly improbable' that he possessed a firearm in connection with the offense." *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) (citing U.S.S.G. § 2D1.1 cmt. 3). The defendant did not meet this burden, and the district court correctly applied Section 2D1.1(b)(1). *See Pitts*, 6 F.3d at 1373.

Because Section 2D1.1(b)(1) was correctly applied, we need not reach the question of whether defendant's adjusted offense level for count one should have included the firearm enhancement under U.S.S.G. § 2K2.1(b)(6). In this case, the defendant's total offense level was to be based on the higher of the adjusted offense levels for his two grouped counts of conviction. U.S.S.G. § 3D1.3(a). Even if the district court erred in its application of Section 2K2.1(b)(6), as the government concedes it did, the error was harmless. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009) (citations omitted); *United States v. Allen*, 153 F.3d 1037, 1046 (9th Cir. 1998) (citations omitted). Absent the

3

Section 2K2.1(b)(6) enhancement, the district court would have arrived at the same sentence. *Cf. United States v. Munoz-Camarena*, 631 F.3d 1028, 1030-31 (9th Cir. 2011).

Finally, the district court did not err by assigning defendant one criminal history point under U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(1) for an unlicensed driving conviction. Section 4A1.2(c)(1)(A) provides that a misdemeanor conviction for "[d]riving without a license or with a revoked or suspended license" should be counted if "the sentence was a term of probation of more than one year." In this case, defendant was convicted of violating California Vehicle Code § 14601.1(a) for driving with a suspended or revoked license, a misdemeanor under California law, Cal. Veh. Code § 40000.11(l), and the sentencing court placed defendant on summary probation for two years. This court has made it clear that a defendant on summary or unsupervised probation in California is still on "probation" for purposes of the Sentencing Guidelines. *See United States v. McCrudden*, 894 F.2d 338, 339 (9th Cir. 1990). The district court properly assigned one criminal history point to defendant's unlicensed driving conviction.

**AFFIRMED.**

4